FILED
 2005 Feb-28  AM 10:00
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RUFINO CALDERON,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | CV-03-BE-2547-S |
| ] | |
| **TUBULAR PRODUCTS COMPANY,** ] | |
| ] | |
| **Defendant.** ] | |
| ] | |

## MEMORANDUM OPINION

### I. INTRODUCTION

This case is currently pending before the court on a motion for summary judgment (doc # 16) filed by defendant Tubular Products Company. Tubular Products owns and operates a manufacturing facility near Birmingham, Alabama where it specializes in the design, fabrication, and assembly of tubular steel products.[1]

Following briefing by both sides, the court held a hearing on February 7, 2005. For the reasons stated on the record and summarized below, the court finds that the motion for summary judgment is due to be GRANTED in part and DENIED in part. Specifically, the motion for summary judgment is due to be GRANTED on the plaintiff's 42 U.S.C. § 1981

---

[1] *See* doc. # 17.

1

claim[2] and DENIED on the plaintiff's claims under the Family Medical Leave Act and the Fair Labor Standards Act. In his opposition to the motion for summary judgment, the plaintiff concedes that the defendant is entitled to summary judgment on his 42 U.S.C. § 1981 disparate treatment claims. The court need not address this conceded point.

Plaintiff Rufino Calderon began his employment with Tubular Products in March 2001. Tubular Products employees are governed by a progressive disciplinary policy for attendance violations.[3] On June 24, 2003, the defendant terminated Calderon for absenteeism. Calderon filed suit in this court alleging that the defendant violated the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2612(a)(1)(C),[4] by penalizing him for absences necessitated by his need to transport his wife for prenatal care and diagnostic testing.[5] Plaintiff also alleges that he was denied two days pay in violation of the Fair Labor Standard Act, 29 U.S.C. § 206.

During his last week of employment with Tubular Products, the Plaintiff worked on

---

[2]*See* First Amended Complaint, count two.

[3]In pertinent part, the policy provides:

[E]mployees who are absent or tardy excessively or employees who are absent or tardy from work without calling in within 2 hours of shift start time, will be subject to discipline in the following manner: (1) verbal warning with supervisor (notation of warning to be placed in personnel file); (2) written warning that next occurrence may result in termination; (3) final written warning with 3 to 5 day suspension; and (4) termination.

[4]The FMLA affords an eligible employee up to twelve weeks of leave within a twelve month period for an employee to care for a spouse "if such spouse . . . has a serious health condition." 29 U.S.C. § 2612(a)(1)(C).

[5]Calderon's wife, Guadalupe, does not drive and does not have a driver's license. Consequently, the plaintiff's wife relied on him for transportation to her prenatal visits.

Monday, June 23, 2003 and Tuesday, June 24, 2003. The defendant issues paychecks on Thursdays for work performed during the previous Monday through Sunday.[6] Tubular Products issued a paycheck to Plaintiff dated July 3, 2003 for the work performed on the above-referenced two days. According to Calderon, he personally went to pick-up his paycheck[7] and was told that it was not available.[8] Plaintiff contends that the defendant never mailed the check nor provided additional instructions for its retrieval.

Summary judgment is an integral part of the Federal Rules of Civil Procedure and allows a trial court to decide cases where no genuine issues of material facts are present. Fed. R. Civ. P. 56. Disagreement between the parties is not significant unless the disagreement presents a "genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247- 48 (1986); *See also Celotex v. Catrett*, 477 U.S. 317, 327 (1986). A factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 251-52.

## II. DISCUSSION

**A. FAMILY MEDICAL LEAVE ACT CLAIM**

The defendant makes several arguments in support of its motion for summary judgment on the plaintiff's FMLA claim. However, of preliminary importance is its argument that Calderon did not provide it with sufficient notice of his wife's pregnancy to

---

[6]*See* Aff. of Stacey Black.

[7]The record does not indicate the date when Calderon went to pick-up his paycheck.

[8]Pl's Dep., p. 117-119.

3

invoke the FMLA's protection. Alternately, the defendant argues that merely driving a family member who is unable to drive for reasons unrelated to her pregnancy or complications related to her pregnancy does not fall within the ambit of 29 U.S.C. § 2612(a)(1)(C).[9]

The court notes as a threshold matter that the defendant concedes that "[f]or purposes of this motion only, Tubular Products will assume that prenatal care qualifies as a serious health [care condition]."[10] This concession is particularly important in this case because the issue is one of first impression in this circuit and because of the existence of persuasive authority from other jurisdictions suggesting that pregnancy alone is not a serious health condition *unless* the pregnancy or some related conditions are incapacitating or caused a period of incapacitation. *See e.g., Navarro v. Pfizer Corp.,* 261 F.3d 90, 93-94 (1st Cir. 2001) (holding that plaintiff survived a motion to dismiss because, pursuant to 29 U.S.C. § 2612(a)(1)(C), her evidence was sufficient to establish that her daughter's pregnancy was incapacitating); *Whitaker v. Bosch Braking Sys.*, 180 F. Supp.2d 922, 928 (W.D. Mich. 2001) (noting the dearth of authority on the issue and holding that pregnancy *per se* is not a serious health condition unless the pregnancy produces a period of incapacitation based on

---

[9]The court pretermits discussion of this alternate argument for two primary reasons because the defendant has not established as a matter of law that driving a family member who has a "serious health condition" within the ambit of 29 U.S.C. § 2612 and who is unable to drive, even for reasons unrelated to her pregnancy, is not an activity protected by the FMLA.

[10]*See* doc. # 28, p. 5; doc. # 28, p. 5 & n. 4. *See also*, Infra n. 14.

documented complications).[11]

Given the defendant's concession for summary judgment purposes that routine prenatal visits qualify as a serious health condition, the issue becomes whether Calderon provided the defendant with notice sufficient to trigger Tubular Product's duty to provide FMLA leave.  The FMLA's implementing regulations provide that "[t]he *employer* will be expected to obtain any additional required information through informal means." 29 C.F.R. § 825.303(a) (emphasis added).  Additional FMLA implementing regulations provide that "[i]n all circumstances, it is the *employer's* responsibility to designate leave, paid or unpaid, as FMLA-qualifying, based on information provided by the employee." 29 C.F.R. § 825.208(a)(2) (emphasis added).

Further, the eligible employee need not expressly mention the FMLA as the source of his right to request such leave.  *See Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1436 (11th Cir. 1997) (holding that the employee need only provide her employer with *notice sufficient to make the employer aware that her absence is due to a potentially FMLA-qualifying reason*." (emphasis added).  *See also, Manuel v. Westlake Polymers Corp.*, 66 F.3d 758 (5th Cir. 1995) (holding that "[w]hat is practicable, both in terms of timing of the notice and its content, will depend upon the facts and circumstances of each individual case.")

---

[11]The legislative history on the issue provides some guidance. For example, 29 C.F.R. § 825.114(a)(2)(ii) and 29 C.F.R. § 825.112(c), state: "Circumstances may require that FMLA leave begin before the actual date of birth of a child. An expectant mother may take FMLA leave ... before the birth of the child for prenatal care or if her condition makes her unable to work." In particular, the Senate Report states that, "[w]ith respect to an employee, the term 'serious health condition' is intended to cover conditions or illnesses that affect an employee's health to the extent that he or she must be absent from work *on a recurring basis* or for more than a few days for *treatment* or recovery." S.Rep. No. 103-3, 1993, *reprinted in* 1993 U.S.C.C.A.N. at 30.  (emphasis added).

The court has considered the parties' briefs and evidentiary submissions. Based on its evaluation of the record within the relevant standard of review, the court concludes that the plaintiff has demonstrated genuine issues of material fact regarding the issue of notice. Specifically, a reasonable jury could infer from (1) the excuse slips from Mrs. Calderon's visits to her obstetrician; (2) the plaintiff's verbal representations to his immediate supervisor that his absences were related to his wife's pregnancy and that his wife's pregnancy was complicated by gestational diabetes and high blood pressure;[12] and (3) the defendant's own literature about the FMLA[13] that Tubular Products had notice sufficient to make it aware that Calderon's absences were attributable to a potentially FMLA-qualifying reason. Accordingly, the motion for summary judgment is due to be DENIED on the plaintiff's FMLA claim.

## II. FAIR LABOR STANDARDS ACT CLAIM

Calderon also argues that Tubular Products violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206, by failing to pay him for the last two days of his employment. Tubular Products was first made aware that Calderon had not received his final paycheck when he filed his First Amended Complaint on January 28, 2004, adding a claim under the FLSA. Upon learning this information, counsel for Tubular Products mailed Calderon's paycheck to his attorney on February 2, 2004.

---

[12] Pl's Dep., p. 77-79.

[13] Tubular Products publishes a pamphlet entitled "Facts about FMLA." In defining the meaning of a "serious health condition," the document includes pregnancy or prenatal care. It further provides that "[a] visit to the health care provider is not necessary for each absence."

6

The defendant argues that "[t]he law does not allow [plaintiff] to parlay his failure to pick up the check into a violation by Tubular Products of the minimum wage statute." Pursuant to the FLSA's minimum wage provisions, "[a]ny employer who violates the FLSA's minimum wage violations *shall* be liable for such legal or equitable relief . . . including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

The plain language of the statute does not address an employer's duty to ensure delivery of a paycheck or an employer's liability for the untimely tender of a paycheck. However, at least one circuit holds that minimum wage payments are unpaid within the meaning of the statute if they are not paid on the employees' regular payday. *See Biggs v. Wilson*, 1 F.3d 1537, 1539 (9th Cir. 1993). Given the dearth of statutory language, the uncontroverted evidence that the plaintiff did not timely receive his last paycheck, and the defendant's inability to provide the court with legal authority supporting its argument, the defendant has failed to establish that it is entitled to a judgment as a matter of law. Therefore, the motion for summary judgment on the plaintiff's FLSA claim is DENIED.

A separate order will be entered.

DONE and ORDERED this the 28th day of February, 2005.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

_____